UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN DAVID MATTHEWS,

Plaintiff,

v.

CHIP THORNHILL, *et al.*,

Defendants.

Case No. C07-5376RJB

SECOND REPORT AND RECOMMENDATION

Noted for June 13, 2008

This case has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on defendants' motion to dismiss (Doc. 73). After reviewing the motion, plaintiff's response, and the remaining record, the undersigned recommends that the Court grant defendants' motion and dismiss plaintiff's causes of action, except for one Eighth Amendment claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Brian David Matthews, is state prisoner, who was housed at all relevant times at the Stafford Creek Corrections Center near Aberdeen, Washington. On or about July 25, 2007, Plaintiff filed motion to proceed *in forma pauperis* along with a complaint. The Complaint states several causes of action against fourteen different individuals, each employed by the Washington Department of Corrections. The undersigned magistrate judge previously submitted a recommendation to dismiss certain claims within the Complaint. Plaintiff objected to the recommendation, arguing an Amended Complaint previously filed should have been considered. The Honorable Robert J. Bryan agreed.

This matter is now before the court on Defendants' motion to dismiss (Doc. 73) Plaintiff's Amended Complaint (Doc. 71), The Amended Complaint is not significantly different from the original Complaint. Plaintiff's claims are based on the following allegations within the Amended Complaint.

On October 9, 2004, while Plaintiff was sleeping with earplugs, Defendants Thornhill, Nelson, Jurasin, and Alvarado entered his cell and used forced to apply handcuffs and remove Plaintiff to a different prison housing unit. During the move, Plaintiff was initially taken to a holding cell, and then taken out into a courtyard. In the courtyard, Plaintiff was placed on his stomach. Plaintiff alleges these four prison officers (plus an unnamed other) used excessive and undue force during the move. Plaintiff alleged Defendant Brewer removed Plaintiff's clothing with scissors in the courtyard, in the presence of at least one female officer.

Following the strip search in the courtyard, Plaintiff was moved by Defendants Thornhill and Nelson to a holding cell. Plaintiff alleges these two defendants injured his left knee due to the excessive force being used when he was again forced to the ground.

On October 12, 2004, Defendant Haley, a Lieutenant within the Stafford Creek Corrections staff, held a disciplinary hearing to consider three (3) major infractions allegedly committed by Plaintiff. Plaintiff alleges Defendant Haley dismissed two of the infractions, and converted the third to Interfering with Staff. Plaintiff was found guilty of Interferring with Staff. Plaintiff argues Defendant Haley failed to provide him with an advance notice of hearing for this "brand new infraction," failed to allow him an opportunity to call witnesses in his defense, failed to give Plaintiff a copy of the charges alleged, and failed to give Plaintiff the opportunity to present documentary evidence. Plaintiff received certain disciplinary sanctions, including ten (10) days of administrative segregation and forty (40) days of lost Good Conduct Time for his behavior.

Plaintiff appealed the infraction, and approximately two weeks later, on October 28, 2004, Associate Superintendent Clint May remanded the finding of guilt for a new hearing to "ensure due process."

On November 5, 2004, Defendants Belshaw, Turk, Goodenough, and Perry held a unit team meeting wherein Plaintiff was demoted to a more restrictive custody level. The team's decision was upheld on appeal by Defendant Waddington on or about November 8, 2004. The hearing on remand

occurred on or about November 16, 2004, at which Plaintiff appeared and he was found not guilty of the infractions. Soon thereafter, the unit team restored Plaintiff's custody level.

During the process of being removed to a different housing unit and challenging the infractions, Plaintiff wrote several grievances challenging the prison officials' decisions. He wrote at least three (3) separate grievances and one (1) appeal in his attempts to administratively address defendants' acts and decisions. Prison officials responded to each of the grievances by stating Plaintiff either had to rewrite the grievance due to some technicality or was presenting a non-grievable issue.

As noted above, Plaintiff filed the original Complaint in this matter on or about July 25, 2007. The Complaint claimed defendants actions and decisions violated his rights protected by the Fourth, Fifth, Eighth and Fourteenth Amendments. The Amended Complaint raises the same causes of action against the same defendants, less one (Joseph Lehman is not a named defendant in the Amended Complaint). Specifically, Plaintiff claims defendants (i) conducted an illegal search and seizure, (ii) used excessive force, (iii) inflicted cruel and unusual punishment, and (iv) violated Plaintiff's due process (both procedural and substantive) rights.

Defendants have moved to dismiss the Amended Complaint's claims and causes of action (Doc. 73), arguing the following:

1. the Complaint should be dismissed due to Plaintiff's failure to exhaust his administrative remedies;

2. plaintiff has failed to state a proper claim for relief;

3. plaintiff's claims regarding his infractions are barred by the favorable termination doctrine,

4. plaintiff has failed to allege how each defendant personally participated in the alleged deprivations; and

5. plaintiff erroneously names each Defendant's spouse as an additional defendant, as part of a marital community; and

6. defendants are entitled to qualified immunity.

DISCUSSION

In reviewing a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of

his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal under Fed R. Civ. P. 12 (b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff need not set out in detail the facts upon which he bases his claim. However, a Plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in the Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th.Cir. 1982)).

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257. Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988).

Here, Plaintiff has failed to state a cognizable claim upon which to request relief. Moreover, Defendants' have met their burden of demonstrating that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Plaintiff has failed to show that a issue of material fact remains for trial. Accordingly, with one exception, the Court should grant Defendants' request to dismiss plaintiff's causes of action.

***A.. EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES IS REQUIRED***

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819, 1825 (2001). The Supreme Court has consistently and recently reaffirmed the exhaustion requirement. Jones v. Bock, 549 U.S. ___, 127 S.Ct. 910 (2007); Woodford v. Ngo. 548 U.S. ___, 126 S.Ct. 2378 (2006). In Woodford, the Court upheld the requirement that the inmates fully exhaust available administrative remedies, and held that exhaustion must be done in a timely manner, consistent with prison policies. Woodford. at 2383-84. Here, Plaintiff properly exhausted available administrative remedies.

Defendants argue Plaintiff's claims should be dismissed because he did not exhaust certain administrative remedies. Defendants argue:

> The Plaintiff attempted to file a number of re-writes regarding his allegations about his search and the infractions he received as a result of his behavior during that search. Docket No. 33, Exhibit 1, Attachments A-D. These grievances were returned as non-grievable issues because Plaintiff did not adequately explain who committed the actions or what they did. Id. He was informed that he was able to appeal the non-grievable decision to the Grievance Program Manager in Olympia; however, he failed to do so. Id. Also, he failed to adequately state in any grievance what the Defendants did specifically to violate his rights. Id. Plaintiff filed his lawsuit prematurely and has not yet fully exhausted his administrative remedies. Id. Because Plaintiff failed to exhaust his available administrative remedies, his entire case should be dismissed.

Defendants' Motion to Dismiss (Doc. 73) at 6.

A review of the allegations does not support Defendant's motion to dismiss. According to the Amended Complaint and Plaintiff's opposition, including the materials submitted in support thereof, the undersigned finds Plaintiff properly attempted to exhaust the available administrative remedies. When Plaintiff filed his grievances the prison officials rejected them on technicalities, such as including more than one issue at a time or for including too much legal jargon rather than concise facts. Moreover, in response to Plaintiff's attempts to administratively remedy the issues, prison officials informed Plaintiff that his claims were not grievable. It is disingenuous for Defendants to now rely on the prisoner's imputed knowledge of the grievance system and the prison's published policies regarding what issues are or are not grievable, when prison officials have already informed an inmate that a particular issue cannot be appealed to a further level because it not a grievable issue. For these reasons, the undersigned finds

no merit in Defendants argument that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust administrative remedies. Nonetheless, for the reasons discussed below the court should grant Defendants' motion, except for Plaintiff's Eighth Amendment claim of excessive force.

***B. EXCEPT FOR ONE EIGHTH AMENDMENT CLAIM, PLAINTIFF FAILS TO STATE ANY OTHER CONSTITUTIONAL VIOLATION***

A §1983 complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

***(I) Fourth Amendment***

Plaintiff argues Defendants Thornhill, Nelson, Alvarado, Jurasin, Ingram and Brewer violated his Fourth Amendment rights when he was removed from his cell on October 19, 2004, strip searched, placed in a holding cell, and moved to administrative segregation. These allegations do not support a cognizable claim.

Although a prisoner enjoys some Fourth Amendment protection, the Supreme Court made clear in Hudson that a prisoner has no reasonable expectation of privacy entitling him to the protection of the Fourth Amendment against unreasonable searches of his cell. Reversing the Fourth Circuit's determination that a prisoner has a "limited privacy right" entitling him to protection against searches of his cell conducted solely to harass or to humiliate him, the Supreme Court stated:

[W]e hold that society is not prepared to recognize as legitimate any subjective expectation

> of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.

Hudson v. Palmer, 468 U.S. 517, 525-26 (1985)(footnote and citation omitted). It follows that a prisoner "has no justifiable expectation that he will be incarcerated in any particular State or unit," Olim v. Wakinekoa, 461 U.S. 238, 245 (1983), and strip searches do not violate Fourth Amendment standards when moving an inmate into administrative segregation, Rickman v. Avaniti, 854 F.2d 327 (9th Cir. 1988).

Plaintiff, citing Thompson v. Souza, 111 F.3d 694 (1997), argues the seizure and strip search in this case were unreasonable, and the "fact intensive" inquiry of determining reasonableness of Defendants actions precludes dismissal of his claim. Plaintiff's Opposition Brief 9Doc. 74) at 6-7. The undersigned is not persuaded by Plaintiff's argument. The Supreme Court clearly stated the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell, which is an entirely different issue than the prohibition against excessive force or cruel and unusual punishment provided by the Eighth Amendment (discussed below). Plaintiff's claims based on Fourth Amendment protections must be dismissed.

***(II) Eighth Amendment: Excessive Force and Cruel And Unusual Punishment***

Plaintiff further claims Defendants Thornhill, Nelson, Alvarado, Jurasin, Ingram and Brewer violated his rights protected by the Eighth Amendment when he was removed from his cell, strip searched and placed in segregation. Plaintiff also claims Defendants Belshaw, Turk, Goodenough, Perry, Van Ogle, and Waddington violated his Eighth Amendment rights when they allegedly made the decision to demote Plaintiff to a more restrictive custody level and upheld that decision until Plaintiff was found not guilty of the major infraction.

To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . .. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . .. [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Here, the inquiry is whether the force (the decision made by Defendants) was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillin, 112 S.Ct. 995, 999 (1992). Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991).

As explained above, plaintiff does not have any right or liberty interest in maintaining custody in one unit over another; thus, Defendant's decision to demote Plaintiff and move him into another housing unit within the prison generally would not violate any constitutional provision. Defendants' actions cannot violate the Eighth Amendment unless Plaintiff can show an individual's actions were done for purely malicious or sadistic reasons to cause Plaintiff harm. Plaintiff's Amended Complaint and allegations do not support an Eighth Amendment claim on the basis that he was demoted in custody level or moved to a particular housing unit.

Plaintiff makes several conclusory allegations in his Amended Complaint that Defendants, specifically Defendants Thornhill, Nelson, Jurasin, Alvarado and Ingram used excessive force and violated his Eighth Amendment rights prohibiting cruel and unusual punishment when he was removed him from his cell, to the courtyard, to a holding cell and ultimately to the segregation unit. After carefully reviewing Plaintiff's Amended Complaint and Plaintiff's opposition brief, the undersigned finds Plaintiff has stated a cognizable Eighth Amendment claim against these defendants. Taking Plaintiff's allegations at face value, he states Defendants Nelson, Thornhill, Jurasin, Alvarado and Ingram arguably used excessive force on October 9, 2004, which caused Plaintiff physical pain and suffering for several days following the incident. Plaintiff alleges he was sleeping when he was first restrained and removed from cell and he did not resist their actions at any time during the movement to his new housing unit.

Plaintiff describes the force used against him as "being forced on his stomach" and "forced to the ground" where he sustained physical injuries to his arms, wrists, legs, and left knee. Plaintiff received three major infractions from the incident, but at the conduct/use of force hearing Defendant Haley concluded Plaintiff had not committed two of the cited infractions and reduced the third to a lesser infraction (Interfering with Staff). In his report upholding the one infraction, Defendant Haley wrote, "Staff reports indicate a **passive resistive behavior** that led to staff having to use force" (bold emphasis added). Exhibit 1, Attachment A, which is attached to Plaintiff's Opposition [to the fist Motion to

dismiss] Brief (Doc. 36). The report does not justify the use of force that has been alleged by Plaintiff. Moreover, Plaintiff submitted the declaration or affidavit of Marvin Sides Faircloth that corroborates Plaintiff's allegation that he did not resist in a manner that required the use of force by Defendants Thornhill, Nelson, or Ingram. Finally, the remaining infraction (Interfering with Staff) was ultimately overturned, with the reviewing officer simply stating, "558 – not supported."

In sum, the court should dismiss all Eighth Amendment Claims alleged by Plaintiff, except for the claim of excessive force against Defendants Thornhill, Nelson, Alvarado, Jurasin, Ingram.

***(III) Supervisory Capacities***

Plaintiff names several individuals as Defendants based on their job duties and supervisory capacity, not personal participation. To maintain a §1983 cause of action Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Here, Plaintiff alleges Defendants Belshaw, Turk, Goodenough, Perry, Van Ogle, and Waddington are liable based on their role in reviewing the infractions he received on October 9, 2004, and the reports written with respect the incident and facts supporting the infractions. Plaintiff has failed to show how any of these defendants acted in a malicious or conspiratorial manner outside their supervisory roles, as either a member of the team unit that reviewed Plaintiff's custody level or the recommendations of that team unit. Plaintiff's claims against these defendants should be dismissed.

***(IV) Fifth and Fourteenth Amendment: Due Process***

Plaintiff argues Defendants actions violated his rights protected by the Fifth Amendment and Fourteenth Amendment. The undersigned finds no basis to support a due process claim.

The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Procedural due process does not protect the actual deprivation of the life, liberty, or property in question, but ensures that individuals are given an adequate opportunity to challenge the government action. Carey v. Piphus, 435 U.S. 247, 259 (1978). To state a claim for a violation of procedural due process, plaintiffs must show

(1) a protected interest has been taken, and (2) procedural safeguards are inadequate. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

The Supreme Court recently changed the analysis employed in determining whether a state has created a protected liberty interest entitling an inmate to the procedural protections afforded by the Due Process Clause. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). We no longer focus on the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion. Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995).

In Sandin, the Supreme Court was called upon to determine whether Hawaii prison regulations or the Due Process Clause afforded the inmate, Sandin, a protected liberty interest that would entitle him to procedural protections before transfer into segregation. The Court held that prisoners have liberty interests protected by the Due Process Clause only where the contemplated restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300. In its specific application to inmate Sandin, the Court stated the test another way: "Based on a comparison between inmates inside and outside disciplinary segregation, the state's actions in placing [Sandin] there for 30 days did not work a major disruption in his environment." Id. at 2301. The Court rejected its prior test traditionally used to determine whether a prison regulation creates a liberty interest, to wit: whether the relevant regulation contains language that is mandatory or discretionary. Id. at 2298-2300. The Court in its new approach seeks to prevent turning every rule or regulation that establishes a procedure or requires the provision of an amenity into a right that implicates a liberty interest. It cited examples, inter alia: tray lunches rather than sack lunches, any book that is not a security threat, and cells with TV and electric outlets.

Here, the facts do not support any violation of due process, either substantive or procedural. First, Plaintiff does not enjoy any right or privilege to be place in a particular custody level or housing unit. The facts show that he was infracted for interfering with staff on October 12, 2004. Plaintiff appealed this decision and the sanctions imposed, and he succeeded in having the infraction removed and his custody level was restored. While not perfect, the prison's procedural process adequately provided Plaintiff an avenue and opportunity to voice his opinion and arguments. More importantly, the temporary loss of privileges or a less restrictive environment does not provide a basis for a due process violation. *See* Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986)(an inmates transfer to administrative

segregation falls within the terms of confinement ordinarily contemplated by a sentence); May v. Baldwin, 109 f.3d 557, 565 (9th Cir. 1997)(placement in segregation resulting in the loss of recreation time and other privileges does not rise to a constitutional deprivation requiring adequate due process safeguards).

Accordingly, plaintiff's due process claims should be dismissed.

### *C. QUALIFIED IMMUNITY*

State officials are entitled to qualified immunity unless he or she violated clearly established law of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 2732 (1982). When evaluating the issue of qualified immunity, the court must follow a two-part test for qualified immunity announced in Saucier v. Katz: (1) whether the facts alleged "show [that] the officer[s'] conduct violated a constitutional right"; and (2) whether the constitutional right in question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." 533 U.S. 194, 201-02 (2001); *see also* Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

As discussed above, all of Plaintiff's claims, with the one Eighth Amendment exception, should be dismissed. All defendants, except for Defendants Thornhill, Nelson, Jurasin, Alvarado and Ingram should therefore be dismissed. Accordingly, discussion of qualified immunity is limited to the sole remaining claim against those five defendants.

The facts, as alleged and supported by Plaintiff in his opposition to the motions to dismiss, show these prison officials may have used excessive force when plaintiff was not physically resisting their efforts in violation of the Eighth Amendment. The court must now consider whether the Eighth Amendment prohibition against excessive force was "clearly established."

Excessive force has been prohibited in the prison setting for several decades, and training on the issue of when and under what circumstances use of force is necessary and appropriate should be common. However, Defendants' motion to dismiss does not provide a lot of detail regarding the situation that was presented, so the court must, at this time, rely heavily on the facts alleged by Plaintiff in his Amended Complaint and in his opposition to the motion, to consider the reasonableness of the officer's actions. At this juncture, the inquiry is premature. Defendants' motion to dismiss based on qualified immunity should be denied.

CONCLUSION

Based on the foregoing discussion, the Court should grant Defendants' motion to dismiss all of plaintiff's claims and causes of action, except for the Eighth Amendment claim(s) against Defendants Thornhill, Neslon, and Ingram, in their official capacities as prison correction officers, based on Plaintiff's allegations of excessive force.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 13, 2008**, as noted in the caption.

DATED this Wednesday, May 21, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge