UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN D. MATTHEWS,

    Plaintiff,

v.

JOSEPH LEHMAN, *et al.,*

    Defendants.

Case No. C07-5376RJB

REPORT AND RECOMMENDATION

Noted for September 26, 2008

This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local MJR 4. This matter comes before the court on the plaintiff's motion for default (Doc. 86). After reviewing the relevant pleadings and the remaining record, the undersigned submits the following report and recommendation.

## DISCUSSION

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment may be entered. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).

In this case, plaintiff argues Defendant Alvarado was properly served with summonses and copies of the Complaint on December 31, 2007, but has not filed an answer to the First Amended Complaint (which was filed on or about March 18, 2008). Defendants had appeared in the case, but had not filed an

answer. After resolution of a motion to dismiss, Defendants filed an Answer to the Amended Complaint, but failed to include Defendant Alvarado. On August 25, 2008, plaintiff filed the instant motion for default against Defendant Alvarado. Significantly, on August 28, 2008, the court received Defendant Alvarado's answer to the Amended Complaint along with Defendants' response to the motion to default. Defendants argue default should not be granted due to an inadvertent mistake.

## CONCLUSION

Because defendants have answered plaintiff's amended complaint the undersigned recommends that the Court DENY plaintiff's motion for default. Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 26, 2008**, as noted in the caption.

DATED this Tuesday, September 2, 2008.

                                       */s/ J. Kelley Arnold*
                                       J. Kelley Arnold
                                       United States Magistrate Judge