UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN DAVID MATTHEWS,

    Plaintiff,

v.

JOSEPH LEHMAN, *et al.*,

    Defendants.

CASE NO. C07-5376RJB

REPORT AND RECOMMENDATION TO GRANT MOTION FOR SUMMARY JUDGMENT AND TO DISMISS COMPLAINT WITH PREJUDICE

Noted for June 26, 2009

This case has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B). This matter comes before the court on defendants' motion for summary judgment (Doc. 100) and plaintiff's motion to dismiss (Doc. 101). After reviewing both motions, the undersigned recommends that the court GRANT the motion for summary judgment and dismiss this matter with prejudice pursuant to Rule 56.

*DISCUSSION*

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Fed. R. Civ. P. 41(a). Rule 41(a)(1) specifically provides that dismissal is a

ORDER - 1

matter of right, without a court order, which can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992). Unlike Rule 41(a)(1) dismissal, Rule 41(a)(2) allows voluntary dismissal with court approval, and it is only effective "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir.1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982)

In this case, defendants filed their motion for summary judgment on April 24, 2009 and noted it for consideration on May 22, 2009. (Doc. 100). On or about the date that plaintiff's response to the motion for summary judgment was due, plaintiff filed a motion to dismiss. (Doc. 101). Plaintiff did not specify whether plaintiff was requesting with or without prejudice. Plaintiff filed no response to the motion for summary judgment. Defendants responded that they had no objection to plaintiff's motion to dismiss, so long as the complaint was dismissed with prejudice. Therefore, the court has two motions before it – a motion for summary judgment (which has not been withdrawn) and a motion to dismiss. For the reasons stated below, this court recommends that the motion for summary judgment be granted, making the motion to dismiss moot.

The Amended Complaint filed in this matter stated several causes of action against several different individuals, based on acts when Plaintiff was moved from his prison cell on or about on October 9, 2004. Plaintiff alleges prison officials entered his cell while he was sleeping with earplugs and used force to apply handcuffs. During the move, Plaintiff claims that he was

initially taken to a holding cell, and then taken out into a courtyard. In the courtyard, Plaintiff was allegedly placed on his stomach and his clothing was removed with scissors in the presence of at least one female officer. Specifically, Plaintiff claims defendants: (i) conducted an illegal search and seizure; (ii) used excessive force; (iii) inflicted cruel and unusual punishment; and (iv) violated Plaintiff's due process (both procedural and substantive) rights.

After consideration of Defendants' motion to dismiss (Doc. 73), a report and recommendation issued by Magistrate Judge J. Kelley Arnold (Doc. 76), the Court dismissed all but one cause of action – the alleged use of excessive force. Doc. 92. Addressing this final claim, on April 24, 2009, Defendants filed a motion for summary judgment (Doc. 100). Defendants' factual assertions supporting their motion for summary judgment explain the events leading up to Plaintiff's removal from his cell. Defendants' motion states:

> Plaintiff, Brian David Matthews, DOC #769769, was incarcerated with the Washington State Department of Corrections but has since been released. At the time of the allegations contained in Plaintiff's Complaint, Plaintiff was incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. Docket No. 71 at 3. On October 9, 2004, at approximately 10:30 p.m., the Plaintiff put a piece of mail in the mail box on his unit. Exhibit 2. The Plaintiff had second thoughts about sending that piece of mail and asked Defendant Jurasin if he could retrieve the mail from the otherwise locked box. Id. The Officer allowed the Plaintiff to remove the letter, but before he could verify that it was the letter that the Plaintiff had deposited in the mailbox, the Plaintiff absconded with it. Id. He ran to his cell and pretended to be asleep on his bunk clutching the letter underneath him. Id. Defendant Jurasin asked the Plaintiff a number of times to give the letter to him so he could verify that it was the Plaintiff's and had his DOC number on it. Id. Each time, the Plaintiff refused. Id. Failing to obey staff orders is a violation of DOC rules. Id.
>
> When the Plaintiff refused to obey Defendant Jurasin's orders to give him the letter, Defendant Jurasin contacted Defendant Alvarado to provide back up and assistance with the Plaintiff. Id. The Defendants told the Plaintiff that he just needed to hand them the letter and they would not take any other action against him. Id. Instead of complying with this request, the Plaintiff remained unresponsive and motionless on his bed. Id. Sergeant Brewer was then called to assist with the matter. Id. Sergeant Brewer removed the Plaintiff's cellmate from the cell and closed the day room to further control the situation. Exhibit 4,

> Declaration of Amanda Migchelbrink, Attachment A, Initial Serious Infraction Report dated September 9, 2004, signed by David Brewer. The Plaintiff was then asked to get up from his bunk and come out of his cell. Id. The Plaintiff sat up, looked at the Sergeant and laid back down, refusing to acknowledge the staff's requests. Id. It was then decided that staff would have to use force to obtain the Plaintiff's compliance with the orders. Id.

Defendants' Motion for Summary Judgment (Doc. 100) at 4-5.

When a motion for summary judgment is properly made, an opposing party may not rely merely on allegations in the complaint, but rather must present evidence showing a genuine issue of fact for trial. Fed. R. Civ. P. 56(e)(2). If the opposing party does not do so, then summary judgment should be granted against that party. Id. Additionally, Local Rule CR 7(b)(2) requires each party opposing summary judgment to file a response to the dispositive motion on the Monday immediately preceding the Friday appointed for consideration. Local Rule CR 7(b)(2) further states, "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Defendants have properly made a motion for summary judgment raising significant factual issues that would justify the granting of summary judgment. Since Plaintiff has not responded to the substantive claims raised in the motion for summary judgment, and further has expressed a desire to have the case dismissed, this court recommends that the motion for summary judgment be granted and the case be dismissed with prejudice.

The court further notes that although Plaintiff is currently represented by counsel, plaintiff was proceeding pro se for most of the case. The Ninth Circuit requires the court to warn pro se litigants of the possibility that a case may be dismissed on summary judgment if an opposition brief and sufficient evidence is not presented to the court. Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997). In the court's order directing service (Doc. 5), plaintiff was appropriately

warned pursuant to Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997). Therefore, plaintiff's rights were well protected, both by counsel and by appropriate warning from the court.

### CONCLUSION

Based on the foregoing discussion, the court should GRANT defendants motion for summary judgment. Plaintiff failed to file any opposition to the motion for summary judgment, and thus, plaintiff's claims and causes of action should be dismissed with prejudice. Plaintiff's motion to voluntarily dismiss should be DENIED, as being moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 26, 2009, as noted in the caption.

DATED this 2nd day of June, 2009.

J. Richard Creatura
United States Magistrate Judge